98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
325 ROYAL STREET, Real Property Known as; 329 Royal Street,
Real Property Known as; Defendants,
Charles F. Hampton, Defendant-Appellee.
 No. 95-4120.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1996.
 
 S.D.Ohio, No. 93-00081; Rice, Chief Judge.
 S.D.Ohio
 VACATED.
 
 
 1
 Before: SUHRHEINRICH and MOORE, Circuit Judges; MCKINLY, District Judge.*
 
 ORDER
 
 2
 The United States appeals a district court judgment granting Charles F. Hampton's motion for relief from a judgment of forfeiture. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Hampton entered a guilty plea to a charge of possession with intent to distribute heroin. He was sentenced to 46 months of imprisonment and five years of supervised release and fined $5000. On February 19, 1993, the United States instituted a civil forfeiture action pursuant to 21 U.S.C. § 881 against two parcels of real estate which Hampton owned and allegedly used to facilitate the commission of a violation of Title 21. Hampton filed a claim and answer. A decree of forfeiture was entered on February 7, 1994. On October 27, 1994, Hampton filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), arguing, among other claims, that the forfeiture of his real property following his criminal conviction violated the Double Jeopardy Clause. The district court granted the motion on that ground, and the United States appealed. Hampton has requested the appointment of counsel on appeal.
 
 
 4
 The Supreme Court has recently held that in rem civil forfeitures are not punishment for purposes of the Double Jeopardy Clause. See United States v. Ursery, 116 S.Ct. 2135, 2149 (1996). As that holding negates the reason for the district court's grant of relief from judgment, the district court's judgment is vacated and this matter remanded for further proceedings consistent with Ursery. The request for counsel is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation